IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELVYN GUERRERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. _____ |
| | § | |
| MAMBO SEAFOOD, | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, Elvyn Guerrero, filing his Original Complaint complaining of Defendant, Mambo Seafood, and in support thereof would show as follows:

## I.
## JURISDICTION, PARTIES, AND VENUE

1.1  This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to:

(i) Title VII of the Civil Rights Act of 1964, as amended.

1.2  Elvyn Guerrero resides in Bronx, New York. Plaintiff Guerrero is protected by Title VII. Plaintiff Guerrero was at all relevant times a prospective employee within the meaning of the applicable statutes.

1.3  Mambo Seafood operates in Houston, Texas. Defendant was at all times Plaintiff's prospective employer within the meaning of the aforementioned applicable statutes.

1.4  Mambo Seafood engaged in an industry affecting commerce and employed more than fifteen (15) regular employees.

1.5  The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

**VICARIOUS LIABILITY – RESPONDEAT SUPERIOR**

1.6  Whenever in this complaint it is alleged that Mambo Seafood did any act or thing, it is meant that the Defendant, Mambo Seafood's supervisors, agents, servants, employees, or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant, Mambo Seafood, or was done in the normal and routine course and scope of employment of Defendant, Mambo Seafood's supervisors, agents, servants, employees, or representatives.

1.7  The acts of management were performed while in the employment of Defendant's, Mambo Seafood's, to further Defendant, Mambo Seafood's business, to accomplish the objective for which said managers were hired, and within the course and scope of that employment or within the authority delegated to said employees.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2.1  Plaintiff Guerrero filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. In that Charge, No. 460-2015-03929, and any amendments and/or attachments thereto, Plaintiff Guerrero asserted that the Defendant discriminated against him on the basis of sex.

2.2  Therefore, Plaintiff was forced to file this suit in order to protect his employment rights. Plaintiff has exhausted his administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

3.1   Plaintiff Guerrero was born and raised in the Caribbean.  He was raised in a tight family unit where hard work, honesty, and decency went a long way.  As such, he moved to the United States to better himself.  Here, Plaintiff Guerrero was without any adult family support.  Yet, he had two young sons to support, and, as one can imagine, providing for a growing family is expensive.

3.2   To that end, Plaintiff Guerrero began looking for a second job to support his young family.  He personally went to the Mambo Seafood Restaurant at three different locations in Houston, Texas looking for work.

3.3   In or about the restaurants were signs that read, "Now hiring."

3.4   Surprisingly, he was told immediately and unashamedly that the restaurant does not hire men to work as servers. Plaintiff Guerrero was so stunned by this persistent admission by the Defendant's managers that he recorded them.  These managers can be heard saying collectively that Mambo Seafood Restaurant does not hire men to work as servers.  One such manager went a step further in humiliating Plaintiff Guerrero by proclaiming that unless he wore ladies clothing he would not be hired.

3.5   Instead, Plaintiff Guerrero was told that he could work in the kitchen or cleaning.  He did not wish to work in the kitchen or work as a janitor.

3.6   Statistically, Defendant did not hire male applicants seeking server jobs at the time Plaintiff inquired about such a position.

## IV.
## CAUSES OF ACTION

### A. SEX DISCRIMINATION PURSUANT TO TITLE VII

4.1 Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

4.2 Defendant, through its agents, supervisors or employees violated Plaintiff's civil rights in violation of Title VII, by intentionally interfering with his ability to obtain employment as a server because of his gender.

4.3 This intentional interference consisted of discrimination of a continuous nature.

4.4 Defendant, through its agents, supervisors, or employees discriminated against Plaintiff which led to the loss and impairment in whole or part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

4.5 The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

## V.
## JURY DEMAND

5.1 Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

6.1 Defendant's conduct constitutes violations of statutory law. Such unlawful conduct seriously affects Plaintiff Guerrero in his occupation, trade, and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful disciplinary practices, policies, and procedures of the Defendant. Accordingly, Plaintiff Guerrero seeks all general, special, incidental, economic, compensatory, punitive, and consequential damages in an amount to be proved at trial including punitive damages.

6.2 Because of Defendant's unlawful and tortuous conduct, it has been necessary for Plaintiff Guerrero to retain the undersigned attorney to represent him in these causes of action. Plaintiff has agreed to pay his attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

6.3 Additionally, Plaintiff Guerrero has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve his ability to earn a living. Accordingly, Plaintiff Guerrero seeks all general, special, incidental, and consequential damages as shall be proven at trial.

6.4 Further, Plaintiff Guerrero seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff Guerrero also seeks post-judgment interest at the maximum rate allowed by law in the event the Defendant does not promptly tender damages assessed against them and to avoid unjustly enriching the Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of sex as outlined above;

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay

in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c.  Compensatory damages for pain and mental suffering in the past and future;

d.  Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e.  Reasonable attorney's fees with conditional awards in the event of appeal;

f.  Pre-judgment interest at the highest rate permitted by law;

g.  Post-judgment interest from the judgment until paid at the highest interest rate permitted by law;

h.  Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

**/s/ Katrina Patrick**

_____
Katrina Patrick
Attorney-in-Charge
Federal Bar No. 22038
6575 West Loop South, #500
Bellaire, Texas 77401
(713) 796.8218 – Telephone
(281) 399.5537 – Facsimile
katrina@voiceoftheemployees.com

ATTORNEY FOR PLAINTIFF
ELVYN GUERRERO