United States District Court
Southern District of Texas
**ENTERED**
August 27, 2020
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ELVYN GUERRERO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3059 |
| | § | |
| MAMBO SEAFOOD # 1, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The Court has reviewed the letter [Doc. # 49] dated August 13, 2020 ("Letter"), from counsel for Plaintiff Elvyn Guerrero, supplemented with exhibits [Doc. # 51] on August 21, 2020. The Court has also reviewed the letter response [Doc. # 52] filed by Defendants Mambo Seafood #1, Mambo Seafood #6, and Mambo Seafood #7 (collectively, "Mambo Seafood"). The Court rules as follows on the issues raised in the Letter.

## I.    BACKGROUND

Defendants operate separate restaurants in the Houston area under the Mambo Seafood name. Plaintiff alleges that he went to each of the three Mambo Seafood restaurants looking for part-time work to supplement his full-time employment elsewhere. Plaintiff alleges specifically that he went to each restaurant "and inquired about work as a server." *See* First Amended Complaint [Doc. # 9], ¶ 3.3. Plaintiff

alleges that at each restaurant he was told that the "restaurant did not hire men to work as servers." *See id.*, ¶ 3.4. Plaintiff alleges further that he was told he could apply to work in the kitchen or in a cleaning position. *See id.*, ¶ 3.5.

Plaintiff filed his First Amended Complaint on December 5, 2019, asserting a single claim of sex discrimination in violation of Title VII. Plaintiff's counsel filed the Letter on August 13, 2020, identifying issues on which she and counsel for Defendants have been unable to reach agreement.

## II.   RULINGS

### A.   Continuance

Plaintiff seeks a four-month extension of the discovery deadline. The current discovery deadline is August 31, 2020. *See* Docket Control Order [Doc. # 21]. Plaintiff requests additional time to complete depositions, including the deposition of a Rule 30(b)(6) witness. It appears, however, that Plaintiff noticed the deposition of Defendants' corporate representative, then cancelled the scheduled deposition. Plaintiff also identifies Christian Leal as a witness to be deposed. In the interest of justice, the Court will extend the discovery deadline for a period of thirty (30) days, to September 30, 2020, to allow this deposition to take place. The Court will adjust the remaining deadlines in the Docket Control Order accordingly.

Plaintiff also requests an additional 35-45 days to retain an expert and provide a report.  The deadline for Plaintiff to designate experts was June 26, 2020.  Therefore, Plaintiff's request is governed by Federal Rule of Civil Procedure 16(b)(4), which provides that "a schedule may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).  Good cause is met when the party seeking relief demonstrates that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S & W Enterprises, L.L.C. v. South Trust Bank of Alabama, NA,* 315 F.3d 533, 535 (5th Cir. 2003).  Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish good cause.  *See LFE Distribution, Inc. v. State Farm Lloyds*, 2018 WL 4103236, *2 (S.D. Tex. May 30, 2018).

Plaintiff makes no effort to show good cause.  Plaintiff does not identify on what topic the expert would opine, or explain why those opinions would be important to Plaintiff's case.  Plaintiff failed to designate an expert by the deadline.  Now Plaintiff states that Defendants retained an expert, so Plaintiff wants to designate an expert too.  *See* Letter, p. 2.  The request is denied as untimely and not supported by a showing of good cause.

### B.    Contact Information for Potential Witnesses

Plaintiff asks for contact information for all "potential witnesses."  The Court ruled on this issue at a discovery conference on June 24, 2020.  Defendants have produced contact information for many of its former employees, and Plaintiff has not shown a need for contact information for other former employees.  Indeed, Plaintiff has not shown that he has made reasonable efforts to contact the former employees for whom he already has contact information.  This request is again denied.

### C.    Appointment of Special Master

Plaintiff asks the Court to appoint a Special Master to preside over all depositions in this case. The request is denied. The Court expects counsel to behave as professional adults during the one remaining deposition, should it take place. This Court will be available to rule on objections if deposition testimony is offered in connection with a motion for summary judgment or at trial. There is no need for the appointment of a Special Master.

### D.    Subpoenas to Plaintiff's Employers

Plaintiff objects that subpoenas to Plaintiff's employers are too broad. Regarding Plaintiff's full-time employment, Plaintiff wants the subpoenas limited to Plaintiff's work schedule.  Regarding Plaintiff's part-time employment, Plaintiff agrees to the production of applications, work schedules, resumes, benefits and pay

information, and "interview notes." Plaintiff objects to the production of performance reviews and Plaintiff's "entire personnel records." This issue is moot. The non-party employers have all responded fully to the subpoenas without objection. If Plaintiff objects to the admissibility of a particular document offered at the summary judgment stage or during trial, the Court will address the objection at that time.

E.    **Protective Order**

Plaintiff objects to Defendants' request to include in the proposed Protective Order for this case language allowing documents to be designated "Attorneys' Eyes Only." The Court will issue a Protective Order, prepared and submitted by the parties, that contains a provision for documents to be designated "Attorneys' Eyes Only" and that provides a mechanism for prompt Court resolution to any objections to the use of that designation. Counsel shall submit a proposed Protective Order consistent with this ruling by September 4, 2020.

F.    **Distinguishing Between Table Servers and Bar Servers**

Plaintiff in the final two issues described in the Letter wants Defendants to redo their discovery responses to distinguish between "table servers" and "bar servers." This request is denied. Plaintiff throughout the administrative process and throughout this lawsuit has asserted that he attempted to apply for a "server" position with Defendants and was told that they do not hire male "servers." *See* First Amended

Complaint, ¶¶ 3.3-3.4.  At no time has Plaintiff alleged that he wanted to apply for a "table server" position, but not for a "bar server" position.  At this stage of the lawsuit, it is too late to change theories and require Defendants to redo their discovery responses to make a distinction that has not been alleged in this case until now.

## III.   **CONCLUSION AND ORDER**

For the reasons set forth above, it is hereby

**ORDERED** that Plaintiff's requests in the Letter [Doc. # 13] dated August 13, 2020, are **GRANTED** only to the extent that the discovery deadline is extended to **September 30, 2020**, to permit Plaintiff to depose Christian Leal.  The Letter's requests are **DENIED** in all other respects.  It is further

**ORDERED** that the following deadlines are extended as set forth below:

| | |
|---|---|
| Mediation/ADR Deadline (required) | October 14, 2020 |
| Motions Deadline | October 28, 2020 |
| Joint Pretrial Order | January 28, 2021 |
| Docket Call (2:00 p.m.) | February 11, 2021 |

SIGNED at Houston, Texas, this  27th  day of **August, 2020**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE