United States District Court
Southern District of Texas
**ENTERED**
September 03, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ELVYN GUERRERO, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-cv-03059 |
| | § | |
| MAMBO SEAFOOD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendants' Motion to Dismiss and for Summary Judgment. *See* Dkt. 71. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be **DENIED** without prejudice to refiling.

## BACKGROUND

In May 2015, Plaintiff Elvyn Guerrero ("Guerrero") began looking for a second, part-time job to supplement his income. His job search led him to a restaurant that he frequented sometimes: Mambo Seafood.[1]

On May 28, 2015, Guerrero visited Mambo Seafood #6 and inquired about potential employment as a part-time server. He spoke with an employee wearing a manager name badge. Guerrero pointed to a young woman waiting tables and said he would like to work at Mambo Seafood "serving like that, like that young lady." Dkt. 75-16 at 3. After speaking with her "higher boss," the employee returned to Guerrero and told him that he could not wait tables because "they want only waitresses." *Id.* at 4.

---

[1] Guerrero visited three separate Mambo Seafood restaurants: Mambo Seafood #1 located at 6697 Hillcroft St., Houston, Texas 77081; Mambo Seafood #6 located at 10402 Gulf Fwy., Houston, Texas 77034; and Mambo Seafood #7 located at 12333 East Fwy., Houston, Texas 77015. I collectively refer to Mambo Seafood #1, Mambo Seafood #6, and Mambo Seafood #7 as "Defendants."

The next day, Guerrero visited Mambo Seafood #7 and inquired about potential employment as a server. He asked a manager if the restaurant had "any open positions for waiter." *Id.* at 6. The manager responded, "we don't hire waiters, just waitresses." *Id.*

A short time later,[2] Guerrero visited Mambo Seafood #1 and inquired about potential employment as a server. He spoke with an employee wearing a manager name badge. When Guerrero asked the employee about the prospect of working as a waiter, the employee told him "[n]o, no, no there are definitely no waiters. Waiters do not exist here." *Id.* at 9. Guerrero probed further, asking "Unless I wear a little skirt"? *Id.* The employee responded, "Yes." *Id.*

Based on these interactions, Guerrero filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was denied the opportunity to work in a "server position" at "all three (3) Mambo Seafood Restaurants because of [his] gender in violation of Title VII of the Civil Rights Act of 1964." Dkt. 71-23 at 2.

After the EEOC issued Guerrero a right to sue letter, he filed this lawsuit. Guerrero's First Amended Complaint alleges that the Defendants violated his "civil rights in violation of Title VII, by intentionally interfering with his ability to obtain employment solely because of his gender." Dkt. 9 at 4.

Defendants have moved to dismiss Guerrero's suit, claiming that he lacks standing. Defendants have also moved for summary judgment, attacking Guerrero's ability to establish a prima facie Title VII claim or demonstrate pretext as required under *McDonnel Douglas*.

---

[2] The exact date is unclear. Defendants say that Guerrero visited Mambo Seafood #1 on May 30, 2015. *See* Dkt. 71 at 11. However, the transcription of the recording from the visit states that the recording was made on May 29, 2015. *See* Dkt. 75-16 at 7.

## THE LAW-OF-THE-CASE[3]

In a typical case, this is where I would discuss the standard of review to be applied to Defendants' motions. However, I do not believe that Defendants' motions are ripe for consideration because discovery in this case has been hamstrung by a prior ruling issued on an incomplete record. Despite the so-called "law-of-the-case doctrine," I believe that ruling should be overruled and set aside, and discovery should be reopened.

The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). "The law-of-the-case doctrine does not, however, set a trial court's prior rulings in stone, especially if revisiting those rulings will prevent error." *United States v. Palmer*, 122 F.3d 215, 220 (5th Cir. 1997). This is true even where, as here, a successor judge replaces another judge. *See Abecassis v. Wyatt*, 7 F. Supp. 3d 668, 671 (S.D. Tex. 2014) ("A successor judge may overrule a previous judge's order as long as the successor judge has a reason he or she deems sufficient." (cleaned up)).

A significant issue in this case concerns the job title of the position that Guerrero sought at each Mambo Seafood location. In the Original Complaint and First Amended Complaint, Guerrero indicated that he sought a "server" position. *See* Dkts. 1, 9. Guerrero also referred to the job as a "server position" in his EEOC Charge of Discrimination. Dkt. 71-23 at 2. Moreover, in the transcripts memorializing his visit to each Mambo Seafood location, Guerrero referred to the job he sought as "server" or "waiter"—he, along with the Mambo Seafood

---

[3] This lawsuit was filed on August 16, 2019. *See* Dkt. 1. At that time, Senior United States District Judge Nancy Atlas was assigned to the case. On March 4, 2021, several months after Defendants filed the instant motion, this case was reassigned to the docket of United States District Judge George C. Hanks, Jr. *See* Dkt. 86. Judge Hanks, in turn, referred Defendants' Motion to Dismiss and for Summary Judgment to me for report and recommendation. *See* Dkt. 98.

employees he talked to, seemed to use those two terms interchangeably. *See* Dkt. 75-16.

During this litigation, Defendants have disclosed that internally they do not refer to their employees as "servers." Instead, they employ more descriptive terminology. Defendants refer to the employees who wait tables in the main dining area as "table servers." Meanwhile, Defendants refer to those who work in the bar area as "bar servers." This internal terminology has caused quite a bit of confusion in this case.

Before this matter was reassigned to Judge Hanks, Judge Atlas considered a discovery dispute concerning the distinction between "table servers" and "bar servers." *See* Dkt. 53. On August 27, 2020, Judge Atlas wrote:

> Plaintiff . . . wants Defendants to redo their discovery responses to distinguish between "table servers" and "bar servers." This request is denied. Plaintiff throughout the administrative process and throughout this lawsuit has asserted that he attempted to apply for a "server" position with Defendants and was told that they do not hire male "servers." At no time has Plaintiff alleged that he wanted to apply for a "table server" position, but not for a "bar server" position. At this stage of the lawsuit, it is too late to change theories and require Defendants to redo their discovery responses to make a distinction that has not been alleged in this case until now.

Dkt. 53 at 5–6. This seemingly innocuous discovery ruling is a leviathan in disguise. The order narrowed discovery and its tentacles touch nearly every aspect of Defendants' pending motion.

Guerrero has consistently referred to the job he was seeking as "server" or "waiter." While talking to employees of each Defendant, Guerrero asked about his potential job prospects. At each restaurant, in some form or another, he was told that Defendants do not hire "waiters" (men), they only hire "waitresses" (women). The employees even attempted to guide his interest away from the server/waiter position he sought, towards a job in the bar area or in the kitchen. Throughout the briefing, presumably relying on Judge Atlas's earlier ruling, Defendants repeatedly state that they do in fact hire men as "servers." At oral argument, I probed this

contention. I learned that Defendants hire men as "servers" only insofar as a "bar server" is considered a "server." This is so because Defendants, in fact, hire only women as "table servers." While it is true that Guerrero did not inquire about a job using the term "table server," he did apparently communicate his interest with enough clarity that all of the employees with whom he interacted correctly described Defendants' hiring practice with respect to "table servers." In my view, the interests of justice are not well served by ignoring the evidence suggesting that Guerrero was specifically inquiring about a "table server" position, just because he didn't know to use that precise terminology.

In sum, I **RECOMMEND** the portion of Judge Atlas's August 27, 2020 ruling referenced above (Section II.F.) be **OVERRULED** and **SET ASIDE**.

### THE AFTERMATH

In the Motion to Dismiss and for Summary Judgment, Defendants argue that Guerrero has no standing to sue because (1) he never applied for a job, and (2) he cannot demonstrate that applying would be futile because Defendants did hire male "servers," i.e., "bar servers." The predicate of this argument is Judge Atlas's ruling. Having set aside that ruling, this argument loses its teeth. Although, generally, a Title VII plaintiff in a failure-to-hire case lacks standing if he did not apply for a job position, "such person nonetheless has standing if he can demonstrate that applying for or requesting that benefit would have been futile." *Leskovisek v. Ill. Dep't of Transp.*, 305 F. Supp. 3d 925, 932 (C.D. Ill. 2018). *See also Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 367 (1977) (a Title VII plaintiff's failure to apply for a job did not "foreclose his entitlement to seniority relief under Title VII" where doing so would have been futile). Guerrero's argument is that he was deterred from submitting a formal job application as a result of repeated statements from Defendants' employees indicating that, as a male, he could not be hired as a table server. Those allegations, in my view, are sufficient at this juncture to confer standing.

As far as the motion for summary judgment is concerned, one of Defendants' main arguments is that there is no summary judgment evidence that Guerrero was treated any differently from female applicants. This argument, of course, is framed around Judge Atlas's ruling, which refused to acknowledge a distinction between "table servers" and "bar servers." Having recommended that Judge Atlas's ruling be set aside, and in the interest of avoiding piecemeal decisions, I am convinced that it is inappropriate to reach the merits of any of Defendants' summary judgment arguments at this time. Instead, I recommend that Guerrero be given the opportunity to file a Second Amended Complaint to make clear that he was specifically inquiring about a table server position, not a bar server position, when he visited the various Mambo Seafood locations. In the event an amended complaint is filed, fairness dictates that Defendants be given an opportunity to file a motion to dismiss the amended complaint, and they may do so without the need to file the pre-motion letter usually required by Judge Hanks.

Upon adoption of this order, I further recommend the entry of a new docket control order, extending the discovery period and dispositive motion deadlines. This will allow full discovery on the issues and allow Defendants to file new dispositive motions that reflect the changed landscape. To be clear, discovery should be reopened on a limited basis to allow Guerrero to fully understand how many men and women were hired as "bar servers" and "table servers" at each Mambo Seafood location at issue in this lawsuit. I think the easiest way to ensure this information is provided promptly is to order Defendants to identify, for those male employees listed on Dkt 71-3, whether they worked as "bar servers" or "table servers."

I am fully aware that this case has been pending for a lengthy period of time. Both parties deserve a resolution to this case. I will do everything in my power to see that additional dispositive motions are addressed promptly.

Accordingly, I recommend that Defendants' Motion to Dismiss and for Summary Judgment (Dkt. 71) be **DENIED** without prejudice to refiling, and that

6

Defendants' Objections to Plaintiff's Exhibits Submitted in Opposition to Defendants' Motion for Summary Judgment be **OVERRULED** as moot.

## CONCLUSION

For the reasons explained above, I recommend that: (1) Section II.F. of Judge Atlas's August 27, 2020 ruling (Dkt. 53) be **OVERRULED** and **SET ASIDE**; (2) Defendants' Motion to Dismiss and for Summary Judgment (Dkt. 71) be **DENIED** without prejudice to refiling; and (3) Defendants' Objections to Plaintiff's Exhibits Submitted in Opposition to Defendants' Motion for Summary Judgment (Dkt. 84) be **OVERRULED** as moot.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002−13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 3rd day of September 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE